**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4295-18T3

GEOVANY COTO,

     Plaintiff-Appellant,

v.

CUNNINGHAM CONSTRUCTION
COMPANY, LLC, RAYS DRYWALL,
LLC, JB INSULATION AND
DRYWALL, LLC, NORTHFIELD
INSURANCE, and NORTHLAND
INSURANCE,

     Defendants,

and

COSTELLO & ASSOCIATES
INSURANCE GROUP,

     Defendant-Respondent.

_____

Submitted January 14, 2020 – Decided March 6, 2020

Before Judges Currier and Firko.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0648-17.

Ginarte Gallardo Gonzalez & Winograd, LLP, attorneys for appellant (John Joseph Ratkowitz, of counsel and on the briefs; Sean T. Payne, on the briefs).

Mc Elroy Deutsch Mulvaney & Carpenter, LLP, attorneys for respondent (Christopher James Carey, of counsel and on the brief; Daniel Albert Malet, on the brief).

PER CURIAM

Plaintiff Geovany Coto appeals from a March 29, 2019 order dismissing his complaint with prejudice against defendant Costello & Associates Insurance Group (Costello) and an April 26, 2019 order denying reconsideration. Because we conclude that plaintiff may have a potential claim against Costello, contingent on the manner of resolution of his claims against other parties, we reverse and remand for the trial court to enter an order of dismissal without prejudice.

In July 2016, plaintiff sustained injuries while working as a drywall installer on a construction site. In February 2017, plaintiff filed a complaint against defendant Cunningham Construction Company, LLC (Cunningham) (the general contractor) and defendant Rays Drywall, LLC (the subcontractor). He alleged claims of negligence and statutory torts; violations of the Occupational

A-4295-18T3

Safety and Health Administration Act (OSHA), 29 U.S.C. §§ 651 to 678; and violations of the New Jersey Construction Safety Act (CSA), N.J.S.A. 34:5-166 to -182.

According to plaintiff, Northfield Insurance (Northfield) or Northland Insurance (Northland) issued a general liability policy to Cunningham. In June 2017, Northfield informed plaintiff's counsel that its policy did not provide coverage to Cunningham for plaintiff's personal injuries. Thereafter, plaintiff amended his complaint three times, adding Northfield, Northland, and another subcontractor as defendants, and adding a claim that plaintiff was an intended third-party beneficiary of the policy issued by Northfield to Cunningham.

On January 25, 2019, plaintiff amended the complaint for the fourth time, adding Costello as a defendant and alleging a professional negligence claim against the insurance broker. Plaintiff claimed Costello was negligent in failing to advise Cunningham of the necessary and required liability insurance. The negligent advice resulted in Cunningham not being properly insured and failed to protect Cunningham and third-party beneficiaries such as plaintiff.

Costello moved to dismiss the complaint, asserting that plaintiff's personal injury action was governed by a two-year statute of limitations, N.J.S.A. 2A:14-2(a). Because plaintiff's amended complaint against Costello was filed more

than two years after the accident, Costello contended the statute of limitations had expired, requiring the dismissal of the complaint.

Plaintiff contended in opposition that a six-year statute of limitations[1] applied to his professional negligence claims against Costello. Plaintiff also asserted he had standing to assert this cause of action as an intended third-party beneficiary of Cunningham's insurance policy.

On March 29, 2019, the court granted Costello's motion and dismissed the complaint with prejudice. In a written statement of reasons, the court found it was required to focus on the nature of the injury and not the underlying legal theory. Therefore, the two-year statute of limitations applied because the nature of the suit was for personal injuries.

In an order of the same date, as Cunningham had not answered the complaint, the court entered default judgment against Cunningham on the issue of liability.

In its denial of plaintiff's subsequent motion for reconsideration on April 26, 2019, the trial court found plaintiff lacked standing to enforce the contract between Costello and Cunningham, and therefore could not assert an action against Costello. The court noted that because plaintiff could not establish he

---

[1] N.J.S.A. 2A:14-1.

A-4295-18T3

could not collect any monies from Cunningham, the issue whether Cunningham's coverage was adequate was "purely speculative at this point in time." Therefore, plaintiff's action sounded only in personal injury and was subject to dismissal under the two-year statute of limitations.

On appeal, plaintiff argues the trial court erred in granting the motion to dismiss and in denying reconsideration because the six-year statute of limitations applies since this case is predicated on Costello's professional negligence in failing to supply the appropriate insurance coverage and advice to Cunningham.

We review de novo a trial court's decision to grant or deny a motion to dismiss under Rule 4:6-2(e). Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). A "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

The trial court correctly perceived that the issue of whether Cunningham had adequate coverage remained speculative at the time of Costello's motion. The issue of Cunningham's coverage only becomes relevant if a factfinder awards damages to plaintiff attributed to Cunningham's negligence. At that

time, Cunningham, its assignee, or plaintiff, if he is found to have standing, may have a potential claim against Costello. But that issue does not arise until plaintiff has an unsatisfied judgment against Cunningham.

However, the court acted prematurely in dismissing plaintiff's claims against Costello with prejudice. Plaintiff must be afforded the opportunity to litigate his claims against Cunningham and the other defendants. If plaintiff prevails and obtains a judgment against Cunningham, which Cunningham does not satisfy, plaintiff may decide to pursue his claims against Costello.

The claims against Costello are separate from those asserted against the other defendants. Because plaintiff alleges professional negligence against the broker, those claims are subject to a six-year statute of limitations.

For the above reasons, we reverse the court's order dismissing the complaint with prejudice. We remand to the trial court for entry of an order dismissing the complaint against Costello without prejudice.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4295-18T3